UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELLY NZAU MBUNGA,

        Petitioner,

v.

JOSEPH E. FREDEN,

        Respondent.

**DECISION AND ORDER**

6:24-CV-06478 EAW

---

## INTRODUCTION

*Pro se* petitioner Felly Nzau Mbunga ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). In particular, Petitioner claims that his continued detention when "there is no significant likelihood that [he] will be removed from the country in a reasonably foreseeable time" is a violation of his Fifth Amendment liberty interest. (*Id.* at ¶ 8). Respondent has moved to dismiss the petition as premature. (Dkt. 4). For the reasons set forth below, the Court grants Respondent's motion.

## BACKGROUND

Petitioner is a citizen and national of the Democratic Republic of the Congo. (Dkt. 1 at 21). Petitioner was ordered removed from the United States on January 24, 2024. (*Id.* at 15-18). He appealed that decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 21). On July 17, 2024, the BIA dismissed Petitioner's appeal. (*Id.* at 21-22).

Petitioner commenced this action on August 1, 2024. (Dkt. 1). Respondent filed his motion to dismiss on August 6, 2024. (Dkt. 6). Pursuant to the Court's scheduling order, Petitioner had 25 days thereafter to file a written response. (Dkt. 2 at 2). Petitioner did not respond to Respondent's motion.

## DISCUSSION

Petitioner is detained pursuant to 8 U.S.C. § 1231, which governs detention of individuals subject to a final order of removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

When an immigration judge enters a final order of removal against an individual, "the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); *see also Wang v. Ashcroft*, 320 F.3d 130, 145 (2d Cir. 2003) ("[d]uring the [90-day] removal period" under § 1231, "the Attorney General shall detain the alien"). The removal period begins on the latest of: (1) the date the removal order becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) the date the alien is released from detention or confinement, unless such detention or confinement is the result of an immigration process. 8 U.S.C. § 1231(a)(1)(B).[1]

---

[1] District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas

After expiration of the 90-day removal period, 8 U.S.C. § 1231(a)(6) allows the government to continue to detain certain classes of aliens or to release them, subject to appropriate terms of supervision. *Id*. In *Zadvydas*, the Supreme Court read "an implicit limitation into" § 1231(a)(6), holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. The *Zadvydas* Court further adopted a 6-month "presumptively reasonable period of detention," and instructed that "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701; *see also Wang*, 320 F.3d at 146 ("The [*Zadvydas*] Court stated that detention is presumptively reasonable for six months following a final removal order, and that, after the first six months, detention violates § 241 if (1) an alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and (2) the government is unable to rebut this showing.").

Here, Petitioner's order of removal became administratively final on July 17, 2024, when his appeal was dismissed by the BIA. *See* 8 C.F.R. § 1241.1(a). The petition was thus filed well within the presumptively reasonable period of detention identified by the

---

jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider."). The record before the Court does not contain any information suggesting that Petitioner sought judicial review of his final order of removal in a circuit court.

*Zadvydas* court, and that period has not yet expired. As such, "his detention is currently reasonable under *Zadvydas*" and "[h]is petition is premature." *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019).

Petitioner appears to argue that he is entitled to habeas relief because he has been in immigration custody since April 19, 2022. (*See* Dkt. 1 at 6). "However, prior to Petitioner's removal order becoming final, immigration authorities detained him under different statutory authority, so any claim pertaining to the earlier period of detention is immaterial to the validity of his present detention under § 1231[.]" *Lovepreet v. Barr*, No. 19-CV-6628-FPG, 2019 WL 5694075, at *1 (W.D.N.Y. Nov. 4, 2019).

If Petitioner is not removed within the presumptively reasonable period established in *Zadvydas*, he may be able to bring a claim at that time. But the current petition is premature. Accordingly, the Court grants Respondent's motion to dismiss.

## CONCLUSIONS

For these reasons, the Court grants Respondent's motion (Dkt. 4) and dismisses the petition without prejudice as premature.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     November 12, 2024
           Rochester, New York